UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-04311-AB (FFMx) | Date: | December 20, 2016 |
|---|---|---|---|

| Title: | Sean Stanziale v. Annex Financial, Inc. et al |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] Order to Show Cause Why Motion for Default Judgment Should Not Be Denied.

   Before the Court is Plaintiff Sean Stanziale's ("Plaintiff") Motion for Default Judgment against Defendant Wendy Harris ("Defendant") (Motion, Dkt. No. 18.)   The Court took the matter under submission.   Having reviewed the Motion, the Court hereby **ORDERS** Plaintiff to show cause why the motion should not be denied without prejudice.

### DISCUSSION

   On June 16, 2016, Plaintiff Sean Stanziale ("Plaintiff") filed a complaint against Defendant Wendy Harris ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") (Dkt. No. 1.)   Specifically, Plaintiff alleges that Defendant has violated 15 U.S.C. §1692e(2)(A), and 15 U.S.C. §1692e(10), by sending subpoenas to Plaintiff's financial institutions to obtain Plaintiff's bank records in regard to a state judgment that was already settled and paid.   (Motion at 5.)   Section 1692e(2)(A) prohibits a debt collector from making "a false representation of the character, amount or legal status of any debt."   Section 1692e(10) prohibits a debt collector from using "any

false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Plaintiff admits that the Los Angeles Superior Court entered a judgment against him in August 10, 2004. (Compl. ¶ 15.) Plaintiff asserts that he reached a settlement with the creditor on May 8, 2006, and satisfied the judgment on December 27, 2006. (*Id.* ¶¶ 17, 19) Defendant's alleged violations of the FDCPA are premised upon Plaintiff's contention that the Defendant misrepresented that this judgment was still outstanding.

    Plaintiff has offered 3 exhibits as proof of settlement and payment of the judgment entered in the Los Angeles Superior Court. The first exhibit is an email correspondence between Pat Connetta of STA International, a debt collection agency and Annetta Jolles, legal assistant to attorney Joel Jolles ("Jolles"). (Ex. A, Dkt. No. 1-1.) This email correspondence indicates that STA International's client (creditor CCH, Inc.) agreed to accept $3000.00 as a settlement of the judgment at issue. Plaintiff also offered two letters addressed to Pat Conetta from Jolles (Ex. B, Dkt. No. 1-1; Ex. C, Dkt. No 1-1.). Each letter is accompanied by an image of a check issued by Jolles. The check displayed in Exhibit B is dated October 24, 2006 and is in the amount of $1,230. (Ex. B, Dkt. No. 1-1.) Jolles explains in the letter that the amount represents Plaintiff's payment of $1,500, less Jolles collection fee of $270. (*Id.*) The check displayed in Exhibit C is dated December 27, 2006 in the amount of $1,280. (Ex. C, Dkt. No. 1-1.) Jolles describes this amount as plaintiff's remaining payment of $1,500, less Jolles fee of $220. (*Id.*) Jolles states that the outstanding payment has been remitted in full, and thus he was closing his file. (*Id.*)

    Notwithstanding the evidence contained in Exhibits B and C, Plaintiff has not offered any evidence indicating that STA International or CCH, Inc. acknowledged receipt of the payments or acknowledged that the judgment had been satisfied. Additionally, Plaintiff has not offered any evidence from the Los Angeles Superior Court indicating that the judgment was no longer outstanding. Plaintiff indicates that STA International never filed a satisfaction of judgment with the Los Angeles Superior Court. (Compl. ¶ 20.) The Plaintiff only offers the letters from Jolles as evidence of the satisfaction of the judgment. Plaintiff states that Joel Jolles was an attorney for CCH, Inc., the original creditor. (Compl. ¶ 17.) However, there is no evidence in the record indicating that Jolles was employed by CCH, Inc. The record indicates that STA International was attempting to collect on behalf of CCH, Inc., (*Id.* ¶ 16) and the email correspondence in Exhibit A, seems to reference CCH, Inc. as STA International's client. Jolles negotiating a settlement on behalf of Plaintiff is inconsistent with him working for CCH, Inc.

    15 U.S.C. §1692k(c) states that "A debt collector may not be held liable in any action brought under this title [15 USCS §§ 1692 et seq.] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any

such error." The Ninth Circuit has also stated that "if a debt collector reasonably relies on [a] debt reported by [a] creditor, the debt collector will not be liable for any errors. On the other hand, the bona fide error defense will not shield a debt collector whose reliance on [a] creditor's representation is unreasonable or who represents to the consumer a debt amount that is different from the creditor's report." *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1177 (9th Cir. 2006).

The evidence in the record seems to support reasonable reliance on the part of the Defendant. Assuming *arguendo* that Plaintiff satisfied his obligations under the settlement agreement, the record clearly indicates that this was never reported to the Los Angeles Superior Court that entered the judgment. Furthermore, the record indicates that the debt was later assigned to Annex Financial, on whose behalf Defendant was attempting to collect. (Compl. ¶ 20.) Therefore, it appears that the Defendant attempted to collect on a judgment that was 1) reported by a creditor and 2) still showed as outstanding in the court which issued the judgment. For the foregoing reasons, this activity by Defendant likely meets the bona fide error exception outlined in section 1692k(c).

Plaintiff is therefore **ORDERED TO SHOW CAUSE WHY** its Motion for Default Judgment should not be denied without prejudice. Plaintiff must file a supplemental brief addressing the current status of the judgment in the Los Angeles Superior Court. Additionally, Plaintiff must offer sufficient proof that STA International, or CCH, Inc. acknowledges that the judgment has been satisfied. Furthermore, Plaintiff must address Defendant's potential liability defense under 1692k(c) given the fact that the debt was reported as outstanding by Annex Financial and the Los Angeles Superior Court.

Plaintiff's supplemental brief must be filed within fourteen days of the issuance of this order. If Plaintiff does not respond, the Motion will be **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**